IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Criminal Cause No. 17-2240 |
| ) | |
| **GLENROY HEYWOOD**, ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' MOTION *IN LIMINE* TO PROHIBIT DEFENDANT FROM COMMENTING ON CONSEQUENCES OF VERDICT

THE UNITED STATES OF AMERICA moves the Court to order Defendant, his counsel, and his witnesses to refrain in the jury's presence from asking any question, introducing any evidence, or making any statement or argument, either directly or indirectly, concerning the consequences of a guilty verdict.

In a one-count indictment filed on August 22, 2017, the federal grand jury charged the Defendant with committing sex trafficking contrary to 18 U.S.C. §§ 1591(a) and (b)(2), and 1594(a).  By statute, that count carries with it a mandatory-minimum term of incarceration of ten-years imprisonment.  *Id*.  Statutory penalties aside, the United States' informal Guideline calculation places the Defendant at offense level 32 and criminal history category I, resulting in an advisory guideline range of 121 to 151 months.

As the Court instructs juries, the sentencing consequences of a guilty verdict are not relevant to a jury's deliberations about whether the United States has proven the elements of each of the crimes beyond a reasonable doubt.  *See, e.g.,* Tenth Cir. Criminal Pattern Jury Instr. 1.20

(2011); Fifth Cir. Criminal Pattern Jury Instr. 1.20 (2001).   Injecting potential sentencing consequences before the jury would be confusing to the jury and unduly prejudicial to the United States.   Furthermore, considering that the Court routinely instructs juries not to concern themselves with matters related to sentencing, there would be no legitimate reason for injecting this issue during the trial phase of this case.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Court grant this motion and order Defendant, his counsel, and his witnesses to refrain in the jury's presence from asking any question, introducing any evidence, or making any statement or argument, either directly or indirectly, about the sentencing consequences of a guilty verdict.

Respectfully submitted,

JAMES D. TIERNEY
Acting United States Attorney

 Electronically Filed on 2/5/18
JACK E. BURKHEAD
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

I HEREBY CERTIFY that on February 5, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to counsel for the defendant.

 /s/
JACK E. BURKHEAD
Assistant U.S. Attorney