IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | CR No. 17-CR-2240 JAP |
| **GLENROY HEYWOOD**, | ) ) ) | |
| Defendant. | ) ) | |

<u>UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM</u>

The United States respectfully files this response to Defendant Glenroy Heywood's Objections to the Presentence Report and Sentencing Memorandum. (Doc. 94). The United States respectfully moves this Court to sentence the Defendant to 57 months' imprisonment, followed by 3 years supervised release, and a $100 special penalty assessment.

**I.    United States' Response to Defendant's Objections to the Presentence Report**

The Defendant objects to mention in the Presentence Report (PSR) that the Defendant brought condoms with him to meet the alleged teenaged prostitute. The United States agrees that, in fact, this report was erroneous and was confused with a different offender who was a subject of the same operation. There is no evidence that the Defendant intended to use protection at the time he met the alleged 15-year-old girl for the purpose of paying her for sexual contact. Therefore, any mention of the Defendant bringing a condom with him should be stricken from the PSR, as he did no such thing.

**II.    United States' Request for Sentence.**

The United States objects to downward departure or variance from the applicable

guideline range. The Defendant has already benefitted immensely by entering a plea to a lesser charge in this case. There is nothing else about this case, or about the Defendant, that makes him uniquely deserving of the downward variance he requests.

    A. <u>Nature and Circumstances of the Offense</u>

The Court shall consider the nature and circumstances of the offense and the history and characteristics of the Defendant. 18 U.S.C. §3553(a)(1). In this case, the Defendant engaged in a negotiation for sex with subjectively believed was a 15-year-old girl. He did so using an application on his phone that was designed to disguise his real phone number and, using this clandestine technique, communicated with what he thought was a teenaged girl. In fact, it was an undercover police officer who, during the course of their communications, told the Defendant twice that she was 15-years old. Knowing that, the Defendant nevertheless went to her hotel room as planned. Once he entered the hotel room and checked the bathroom, he was arrested by law enforcement. During his arrest he resisted officers.

It hardly needs mentioning that the nature and circumstances of this case are serious. The commercial sex industry is highly saturated with women who are advertised by those who force the industry upon them. Underage women in the commercial sex industry are even more likely to be victimized and exploited. In 2015, the United States Congress chose to combat such abuse by penalizing the patron and solicitor, as well as the sex trafficker.[1] The Defendant is exactly the type of patron and solicitor Congress had in mind.

Furthermore, the Defendant chose to interfere with the investigation by attempting to

---

[1] 18 U.S.C. §1591 was amended to include the additional theories of advertising, patronizing, and soliciting for violations occurring on or after May 29, 2015.

conceal his identity and by resisting the police. While the Defendant argues in his sentencing memorandum that he used no violence and no guns to commit this crime (Doc. 94, at 5), he misses the point. Guns and violence are hardly necessary predicates to exploit minors, and neither are requierd to thwart a human trafficking investigation.

The Defendant also curiously implies that he should receive sentencing consideration because "no sexual contact occurred with anyone either" (*Id*.). True enough, but the fact that no contact occurred was because, unbeknownst to the Defendant, he was communicating with a Sheriff's deputy. Had law enforcement not been engaged in this operation that night, the Defendant would have responded to another advertisement, and there would have likely been sexual contact. In reality, this operation spared at least one woman (possibly a minor) from further exploitation.

### B. History and Characteristics of the Defendant

The Defendant is an educated and intelligent man—a doctor. While the Defendant presents this as a mitigating factor, it is not. To the contrary, it is an aggravating factor. From time immemorial, doctors have occupied a trusted and sacred position in American society, one that is reflected in their Hippocratic oath. At a bare minimum, doctors are expected to be familiar with the damage done by child sex trafficking, not only to the victims themselves, but to the general public health and welfare. The Defendant, by his actions, demonstrated no such concern that he was furthering the sexual victimization of a minor child. He betrayed his oath, so the fact that he has a medical degree should in no way inure to his benefit at sentencing.

The Defendant states in his sentencing memorandum that, "[a]fter he was charged in this case, [the Defendant] voluntarily sought treatment and began to see a psychiatrist and behavioral

therapist." (*Id*. at 15). Yet the discovery in this matter revealed he has been soliciting prostitutes since at least October 25, 2015. (Exhibit 1[2], lines 6-12). Many times he was alerted to the fact, or had existing knowledge, that these females were traveling across the country, which, again, is indicative of sex trafficking. (*Id*. at lines 888, 1366, 1446, 1466). There is no evidence that, during the course of his conduct, the Defendant did anything to seek help. He only did so after he was caught.

In his Nextplus! Messages (Exhibit 1), the Defendant indicates he is "only interested in young and petite," and he "prefer[s] small/petite girls." (*Id.* lines 219 and 968). As he did in this case, when the Defendant answers an online advertisement for sex, he wants to be sure he is getting what was advertised. (*Id*. line 307 (I am unsure about the authenticity of your photos), line 319 (you guarantee I see the girl in the pic?), line 354 (not convinced that the pic is authentic/you.), line 9304 (Just googled your pictures. Reports fake pics), line 9307 (Nope, not with fake pictures)). The defendant is a discriminating consumer.

By the February of 2017, he had had many commercial sexual encounters. In addition to confirming the authenticity of a girl's photo, he also asked if there would be anyone else present in the hotel room. (*Id*. lines 9299 and 9301 (verifying that no one else will be "hiding in the bathroom" when he arrives for commercial sex.). The evidence in this case shows that he was very experienced in soliciting and patronizing girls for commercial sex. He has contributed to the trafficking of many girls, and there is no reason to vary downward from a guidelines sentence.

---

[2] An electronic copy of Exhibit 1 will be provided to the Court, as it is 693 pages long.

### C. Factors Detailed in 18 U.S.C. § 3553(a)(2)

In addition to considering the nature and circumstances of the offense and the history and characteristics of the Defendant, the Court shall also consider:

(2) the need for the sentence imposed –
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant, and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

A sentence of 57 months is appropriate because it would reflect the seriousness of the offense, it promotes respect for the law, and provides just punishment. The Defendant has submitted numerous letters on his behalf. Several of them remark on his talents and skills as a surgeon, some of which were written by other successful physicians (one of whom attached his own 20-page resume) that heralded the Defendant's caring nature and his work to serve the underprivileged in society. Yet, conspicuously absent from all of these letters, is any acknowledgement of the societal harm posed by the Defendant's actions. Reading them, one would assume that his success as a surgeon somehow excuses his participation in a commercial sex industry that is responsible for the victimization of thousands of women and children.

Sweeping away the reality of what the Defendant did, some of the letters reference this incident as a momentary lapse in Defendant's judgement. This Court knows, however, that this incident was not a momentary lapse for the Defendant. The Defendant had been participating in soliciting sex from prostitutes since at least 2015. (See Exhibit 1). The United States can confirm that one of the girls who is pictured in his phone was a sex trafficking victim who testified against her trafficker in 2017 in *United States v. Jermaine Doss*, 16-CR-0845MV.

(Exhibit 2). Another victim Defendant patronized is strongly suspected to be a 16-year-old girl, another victim of sex trafficking by individuals who are currently facing federal sex trafficking charges. (Exhibit 3).

As the Defendant points out, he did not bring a condom with him to meet the alleged fifteen-year-old prostitute on February 8, 2017. This is concerning in light of discovery that shows that in the days before this meeting, the Defendant acknowledged via the Textnow! messaging application that he had been exposed to a sexually transmitted disease and was taking prophylactic antibiotics to treat it. (Exhibit 1, lines 9185-9213, and 9792-9811). This is also consistent with evidence on his phone that he requested to have unprotected sex, and subsequently showed up to have unprotected sex, with the aforementioned underage prostitute on January 21, 2017. (Exhibit 3).

### D. Avoiding Unwarranted Sentence Disparity

A sentence within the guideline range is the best approach to preventing unwarranted sentencing disparities between similarly situated defendants. A high-end guidelines sentence would not be overly punitive in this matter, as compared to other similarly situated defendants. This was not the Defendant's first time engaging in such behavior. The fact that he was a successful surgeon is not a sufficient reason to vary from the guidelines.

Furthermore, in several white-collar cases the circuits have vacated sentences of probation when the guidelines are similar to the guidelines in this case. *United States v. Hoffman*, 901 F.3d 523, 557-58, FN 22 (5th Cir. 2018), citing *United States v. Morgan*, 635 Fed.Appx. 423, 448-52 (10th Cir. 2015) (finding that the case "cries out for appellate intervention" and requiring resentencing because a noncustodial sentence, in the face of a 41 to

6

51 month guidelines range, would not deter public officials from soliciting bribes), *United States v. Hayes*, 762 F.3d 1300, 1307-10 (11th Cir. 2014) (finding a sentence of three years of probation unreasonable when guidelines range was 41 to 51 months, even though the defendant had cooperated), *United States v. Musgrave*, 761 F.3d. 602, 609 (6th Cir. 2013) (vacating a one-day sentence in the face of a 57 to 71 months guidelines range, noting that "Congress understood white-collar criminals to be deserving of some period of incarceration, as evidenced by its prohibition on probationary sentences in this context."), *United States v. Kuhlman*, 711 F.3d 1321, 1325, 1328-29 (11th Cir. 2013) (finding probation sentence unreasonable when Guidelines range was 57 to 71 months).

While this is not a white-collar case, arguably it is at least as serious, if not more. Attempting to thwart a human trafficking investigation is arguably more serious than taking bribes, or tax evasion, etc. Like most white collar defendants, the Defendant has no criminal history. Because the guidelines sentence in this case does not allow for probation for someone with no criminal history, clearly Congress did not intend for such a defendant to be sentenced to probation. A probationary sentence would be an unwarranted sentencing disparity, which the Court should seek to avoid.

## III. CONCLUSION

For the reasons cited above, the United States requests a sentence of 57 months, as it reflects an appropriate punishment given the facts of this case. A downward departure or variance is not warranted.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed* 3/8/19

LETITIA CARROLL SIMMS
Assistant United States Attorney
PO Box 607
Albuquerque, NM 87103
(505) 346-7274

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court
using the CM/ECF system which will send
notification to defense counsel.

   *Filed Electronically 3/8/19*
LETITIA CARROLL SIMMS
Assistant United States Attorney